FILED

AUG 27 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BANKARD<br>2711 Lafayette Avenue,<br>Bensalem, PA 19020<br><br>and<br><br>SAMUEL WOLF<br>156 Little Mill Road,<br>Clementon NJ 08021<br>    and<br><br>    and<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS,<br>LOCAL 542,<br>1375 Virginia Drive, Fort<br>Washington, PA 19034<br><br><br>       Plaintiffs<br><br>    v.<br><br>UPPER DUBLIN TOWNSHIP<br>801 Loch Alsh Avenue<br>Fort Washington, PA 19034<br><br>    and<br><br>CORPORAL CREAMER<br>801 Loch Alsh Avenue<br>Fort Washington, PA 19034<br><br>    and | **14     4980**<br><br>**Civil Action No.**<br><br>JURY TRIAL DEMANDED |

| OFFICER MILLIGAN<br>801 Loch Alsh Avenue<br>Fort Washington, PA 19034<br><br>Defendants | |
|---|---|

## COMPLAINT

Plaintiffs, Frank Bankard, Samuel Wolf, Michael Cufo, and International Union of Operating Engineers, Local 542, by and through their attorney, brings this action to redress violations of its rights by Defendants pursuant to the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania.

### JURISDICTION AND VENUE

1. This is an action for damages, injunctive relief, and attorney's fees pursuant to 42 U.S.C § 1983. Plaintiff seek damages, costs and fees for the Defendants' violation of Plaintiffs' rights to free speech, as well as redress for the deprivation of the rights secured to Plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States.

2. Jurisdiction is conferred on this Court pursuant to 42 U.S.C § 1983 and by 28 U.S.C. § 1331 and § 1343, which confers original jurisdiction on Federal District Courts in cases that seek to redress the deprivation of constitutional rights.

2

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## PARTIES

4. Frank Bankard and Sam Wolf are Union organizers employed by International Union of Operating Engineers, Local 542.

5. Michael Cufo is a member of International Union of Operating Engineers, Local 542.

6. Plaintiff International Union of Operating Engineers, Local 542 ("Union") is an unincorporated association. Its *trustee ad litem* is Robert Heenan.

7. Defendant Upper Dublin Township (hereinafter the "Township"), is a political subdivision of the Commonwealth of  Pennsylvania and the County of Bucks which maintains its mailing address at 1025 Upper Dublin Road Upper Dublin, PA 19044.

8. Defendant Officer Milligan is a duly sworn police officer employed by the Upper Dublin Township Police Department.

9. Defendant Corporal Creamer is a duly sworn police officer employed by the Upper Dublin Township Police Department.

10. At all times pertinent to this Complaint, Defendants acted under the color and pretense of law, to wit, under the statutes, ordinances,

3

regulations, and customs and usages of the Commonwealth of Pennsylvania and the United States of America.

11.   At all times pertinent to this Complaint, Defendants engaged in unlawful conduct herein described which caused injury to Plaintiffs and which deprived Plaintiffs of their rights, privileges and immunities secured to them by the Fourteenth Amendment of the Constitution of the United States and the laws of the United States.

12.   Defendant Milligan and Creamer are being sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

13.   Plaintiff alleges Paragraphs one through twelve above as though fully set forth herein.

14.   On July 26, 2013, Plaintiffs along with others were peacefully picketing on Commerce Drive in Upper Dublin Township Pennsylvania.

15.   On the first day of the picketing Officer Milligan came by in an aggressive manner sought identification, told people how to picket, and in every way attempted to intimidate picketers in exercising their lawful rights under the First Amendment.

4

16.    On July 26, 2013, Corporal Creamer along with Officer Milligan spoke to picketers.  At that time he spoke with Counsel for the International Union of Operating Engineers Local 542 and told the picketers how they must picket.

17.    Counsel for Local 542, while speaking with Officer Milligan asserted that they had the right to picket as they saw fit, they had the right to stand and publicize their rights, and they had the right to assert their First Amendment rights free from interference other than that which was a danger or public nuisance.

18.    At the same date and time Corporal Creamer still told the picketers that unless they obeyed his orders they would be cited.   When Counsel for the Union attempted to clarify their position Corporal Creamer then instructed Office Milligan to cite Sam Wolf, Frank Bankard, Michael Cufo and Louis Agre.

19.    Officer Milligan and Corporal Creamer cited Bankard, Wolf Cufo and Agre solely for exercising their rights under the First Amendment of the United States Constitution and peacefully picketing.

20. On December 19, 2013 a trial was held on the picketing issue for Wolf, Bankard and Agre.  Mr. Cufo was not available that day and sought, and was granted a continuance.

21.    At that trial the Plaintiffs were all acquitted.   The charges against Cufo were subsequently withdrawn.

22.    Plaintiffs at all times were acting in a peaceful manner and were picketing to publicize their dispute with an employer.   Plaintiffs as organizers and members of the International Union of Operating Engineers Local 542 for publicizing that the fact that the building owner was engaging a contractor that paid less than the prevailing wages and standards in the area to build a parking lot at this facility.   Plaintiffs were cited for obstructing a public right of way.

23.    The citation issued called for a fine of $240.96.   A True and Correct copy of the Citation is attached here as Exhibit 1.

24.    At no time did Plaintiffs block egress or ingress, ask persons to cease doing business with the building over any other activity other than peacefully picket.

## COUNT I
## FIRST AMENDMENT

25.  Plaintiff alleges Paragraphs one through twenty-four above as though fully set forth herein

26. Plaintiffs were engaged in conduct that is protected by the First Amendment, that is peacefully picketing in support of their dispute with a business entity.

27. Defendants Milligan and Creamer infringed upon those rights by threatening Plaintiffs with arrest, citation and then citing them for activity that is clearly protected by the First Amendment.

28. By citing Plaintiffs, and threatening them with arrest, Plaintiffs were chilled from engaging in activities protected by the First Amendment.

29. Defendant Upper Dublin Township as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens thereby causing the Defendant officers in this case to engage in the unlawful conduct described above.

30. Defendant Upper Dublin Township, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including Defendants Milligan and Creamer, to engage in unlawful conduct.

31. The above actions are a pattern and practice by the Upper Dublin Township Police Department, and in particular Defendants Milligan and

7

Creamer, of violating the Plaintiffs' rights guaranteed by the First Amendment of the United States Constitution.

32. The actions of Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to exercise those rights granted by the First Amendment of the United States Constitution.

33. By these actions, Defendants deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff requests the following relief:

     a.     Compensatory damages;

     b.     Reasonable attorneys fees and costs; and

     c.     An order directing the Defendants to refrain from violating the Plaintiffs' rights guaranteed by the United States and Pennsylvania Constitutions;

     d.     Such other and further relief as appears necessary, reasonable and just.

## COUNT II - FIRST AMENDMENT

34. Plaintiff alleges Paragraphs one through thirty-three above as though fully set forth herein.

8

35.  Plaintiff's right to picket is protected by the First Amendment of the Constitution of the United States.

36.  Defendants' violation of Plaintiffs' right to picket violated the First Amendment of the Constitution of the United States.

37.  As a result of Defendants' violation, Plaintiffs have been harmed as they have been cited, forced to hire legal counsel, and been hampered in performing their job.

38.  As a result of Defendants' violation, Plaintiffs have been harmed as they have been hampered in their rights to picket and publicize differences with various employers in the Upper Dublin Township area.

39.  Defendants' policy of citing picketers violates the employee's rights guaranteed by the First Amendment of the Constitution of the United States.  As a result, Plaintiffs have suffered and will continue to suffer harm.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. declarative judgment stating that Defendants' violation of Plaintiff's First Amendment rights is unconstitutional;

b.    an award of compensatory and the costs incurred in prosecuting this action;

c.      An order directing the Defendants to refrain from violating

the Plaintiffs rights guaranteed by the United States and Pennsylvania

Constitutions;

d.      an award of reasonable attorney's fees and costs; and

e.      Judgment awarding such other and further relief as this

Court may deem just, necessary and appropriate.

## JURY DEMAND

Plaintiffs request a trial by jury for on all issues herein

Respectfully Submitted

_____

Louis Agre
Law Offices of Louis Agre
1375 Virginia Drive, Suite 100
Ft. Washington, PA 19034
(215) 542 7500
Counsel for the Plaintiffs

Dated:  August 25, 2014

# EXHIBIT

# 1

COMMONWEALTH OF PENNSYLVANIA   CITATION NO.

# NON-TRAFFIC CITATION P 9558471 - 6

| 1. Magisterial District Number | 2. Docket Number | 3. Social Security Number |
| --- | --- | --- |
| 38 - 1 - 10 | VT 197-13 | 1 6 1 5 2 7 2 5 8 |

| 4. Address of Magisterial District Office | | 5. Driver's Number | 6. State |
| --- | --- | --- | --- |
| 1301 Bethlehem Pk Amber Perko02 | 18801344 | PA |

| 7. Defendant's Name - First | Middle | Last |
| --- | --- | --- |
| FRANK | JOSEPH | BANKARD JR |

8. Defendant's Address (Street-City-State-Zip Code)
2711 LAFAYETTE AV BENSALEM PA 19020

| 9. Race/Ethnicity | 10. Sex | 11. Date of Birth (MM/DD/YY) | 12. Resident Status | 13. Case Instituted by |
| --- | --- | --- | --- | --- |
| (W) White (A) Asian | (M) Male | | (R) Resident | (O) On-View Arrest |
| (B) Black (H) Hispanic | | | (N) Non-Resident | (C) Citation/Summons |
| (I) Native American (U) Unknown | (F) Female | 2-6-60 | (U) Unknown | |

| 14. JUVENILE | 15. Parents Notified | 16. Parent's Name | 17. Date Notified | 18. Time |
| --- | --- | --- | --- | --- |
| Yes | Yes | | | |

19. Charge
☐ Disorderly Conduct  ☐ Criminal Trespass  ☐ Theft of Services  ☐ Criminal Mischief
☐ Harassment  ☐ Public Drunkenness  ☐ Scattering Rubbish
☐ Retail Theft  ☐ Purchase, Consumption, Possession or Transportation of Liquor or Malt or Brewed Beverages
☑ Other OBSTRUCTING HIGHWAYS AND OTHER PUBLIC PASSAGES.

| 20. Nature of Offense | 21. Pa. Code | 22. CRIMES CODE TITLE 18 |
| --- | --- | --- |
| THE DEFENDANT DID INTENTIONALLY | | |
| OBSTRUCT A PUBLIC UTILITY RIGHTOF WAY, | | 23. SECTION 5507  24. SUB SEC. (a) |
| SIDEWALK AND OTHER PUBLIC PASSAGE | | 25. FINE 100 |
| WITH OTHERS FROM HIS LOCAL UNION | | 26. COSTS 117- |
| 542 OPERATING ENGINEERS. | | 27. JCP/ATJ CJEA 116  23.50 |
| | 29. ☐ Lab Services Requested | 28. TOTAL DUE $ 240.96 |

| 30. Date | 31. Time | 32. Day | 33. Charged More | 34. Code | 35. Zone |
| --- | --- | --- | --- | --- | --- |
| 7-26-13 | 0642 | FRI | UPPER DUBLIN Twp. | 10 | 6 |

| 36. Location | 37. County | 38. County Code |
| --- | --- | --- |
| 425 COMMERCE DR | MONTGOMERY | 46 |

| 39. Defendant's Signature - Acknowledges Receipt of Citation | 40. Date | Issued  Filed  Filed on info. received | 41. |
| --- | --- | --- | --- |
| X  MAIL TO DEFENDANT | 7-26-13  Filed | | |

42. I verify that the facts set forth in this citation are true to the best of my knowledge, information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

| OFFICER'S SIGNATURE | BADGE NUMBER | ORI NUMBER |
| --- | --- | --- |
| | 68 | V1 0462700 |

| 43. Station Address | | |
| --- | --- | --- |
| 801 LOCH ALSH AV F WASHINGTON PA 19034 | | |

| 44. Offense Code | 45. Property Record No. | 46. Systems Code | 47. ☐ Initial Report | 48. ☐ Attention LOE | 49. Incident No. 2013-013488 |
| --- | --- | --- | --- | --- | --- |

| 50. Victim's Name | 51. Date of Birth (MM/DD/YY) | 52. Sex | 53. Race/Ethnicity |
| --- | --- | --- | --- |

54. Victim's Address (Street-City-State-Zip Code)  | 55. Phone Number

56. Remarks / Subpoena List

P 9558471 -6

| 57. Supv. Init. | Badge No. |